IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE WILLIAMS,

        Plaintiff,

vs.                                            CIVIL NO.   05-919 WJ/LFG

HARRY TIPTON, Metropolitan
Detention Center Jail Director;
and NAOMI PAZ, Metropolitan
Detention Center Corrections Officer,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## EXTENDING TIME FOR SERVICE OF PROCESS

### Introduction

THIS MATTER is before the Court on Defendant Harry Tipton's ("Tipton") motion to dismiss for insufficiency of service of process and failure to state a claim [Doc. No. 14], and the Court's Order to Show Cause issued to Plaintiff George Williams ("Williams") directing him to explain why his Complaint against both Defendants should not be dismissed without prejudice [Doc. No. 20.]  Tipton's motion to dismiss is fully briefed.  [Doc. Nos. 19, 21, 22.]  Williams did not respond to the Court's Order to Show Cause and the deadline for having done so has passed.

### Procedural History

Williams, a *pro se* litigant, was incarcerated at the Metropolitan Detention Center.  On August 29, 2005, he filed his lawsuit against Tipton, identified as the Metropolitan Detention Center Jail Director, and Naomi Paz ("Paz"), identified as a Metropolitan Detention Center Corrections Officer. On September 2, 2005, the Court authorized Williams to proceed *in forma pauperis* [Doc. No. 4],

and later authorized the U.S. Marshal to effect personal service of process on the Tipton [Doc. No. 10].

In his civil rights complaint, Williams provided a business address for Tipton, but no address for Paz. [Doc. No. 1.] The Court's records demonstrate that Tipton retired from his employment with the Metropolitan Detention facility on December 2, 2005, and subsequent to that date, was no longer an employee of the Metropolitan Detention Center or subject to its control. [Doc. No. 14.] In February 2006, the U.S. Marshal attempted service of process by leaving a copy of the Complaint and Summons at Tipton's former business address at the Metropolitan Detention Facility. [Doc. No. 12.] In February 2006, Tipton no longer worked at the Metropolitan Detention Center and on the date of the Marshal's service, Tipton could not be personally served by leaving the complaint and summons at the Metropolitan Detention Facility. As Williams did not provide the U.S. Marshal with any address for Naomi Paz, no service of process was attempted on Paz.

Williams was subsequently released from the detention facility, but then as of March 2006 was being held in the Santa Fe County Jail. He expected to be released sometime in May 2006. [Doc. No. 16, Willliams' Notice of Change of Address.]

On February 24, 2006, Defendant Tipton made a special appearance to challenge the Court's *in personam jurisdiction* by filing a motion to dismiss for insufficiency of service of process and for failure to state a claim [Doc. No. 14]. Tipton argued that he was not personally served, and that the purported service at his former place of employment is invalid.

In response to the motion to dismiss, Williams simply argued that service of process had been effected on Tipton long before the December 9, 2005 retirement date [Doc. No. 19]. However, there is no record to support Williams' position. The only service record docketed is the attempted service

2

on February 6, 2006, which demonstrates that the U.S. Marshal left the Complaint and Summons at the Metropolitan Detention Center. [Doc. No. 12.] That attempted service is invalid.

On April 18, 2006, the Court issued an order to Williams directing him to show cause why Tipton's motion to dismiss should not be granted and also why the case should not be dismissed as against Defendant Paz for failure to effect service within the time permitted by law. Williams was to respond no later than May 8, 2006. Williams did not respond, nor did he seek additional time within which to comply with the Court's order.

### Discussion

A court may dismiss a case without prejudice for failure to effect service within 120 days of the filing of the complaint unless the plaintiff shows good cause for not effecting service. Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438, n. 4 (10th Cir. 1994). Here, Williams was given an opportunity to show cause why his claims against Tipton and Paz should not be dismissed and he failed to respond.

In the exercise of its sound discretion, the Court could simply dismiss the case without prejudice as Williams has failed to show any cause for retention of the case on the Court's docket. However, several cases hold that a Marshal's failure to serve within the time limits of Fed. R. Civ. P. 4(m) can constitute "good cause" to extend time for service. Olsen v. Mapes, F.3d 1199 (10th Cir. 2003); Dumaguin v. Sec'y of Health and Human Services, 28 F.3d 1218, 1221 (D.C. Cir. 1994), *cert. denied*, 516 U.S. 827 (1995); Scott v. Reno, 902 F. Supp. 1190, 1196 n.4 (D. Ca. 1995); Stoenescu v. Jablinsky, 162 F.R.D. 268, 270 (S.D.N.Y. 1995).

The Court will, therefore, extend the time for service of process by an additional 30 days from entry of this Order. Williams is directed to communicate with the Marshal's service and cooperate

in providing current addresses for Tipton and Paz.  The Marshal is to use reasonable efforts to effect service and to file a return no later than June 15, 2006.  If proof of service has not been provided by that date, Williams is given notice that his complaint will be dismissed, without prejudice.

                                                 *Lorenzo F. Garcia*
                                                 Lorenzo F. Garcia
                                                 Chief United States Magistrate Judge